**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 24-1798

_____

UNITED STATES OF AMERICA

v.

VINAYKUMAR PATEL,
                                                    Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 4:21-cr-00235-002)
Chief District Judge: Hon. Matthew W. Brann

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on June 3, 2025

Before: HARDIMAN, BIBAS, and FISHER, *Circuit Judges*

(Filed: June 4, 2025)

_____

OPINION*

_____

BIBAS, *Circuit Judge*.

Vinaykumar Patel is a citizen of India. He entered the United States legally but then

overstayed his visa. One night, a robber barged into the convenience store that Patel ran.

_____

\* This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding
precedent.

The robber held Patel and two others at gunpoint until they handed over cash. Three days later, Patel sought medical treatment, claiming that the experience had given him anxiety. He then used the police report and medical records to apply for a U-Visa, which gives victims of certain crimes a pathway to permanent residency and citizenship if they cooperate with authorities.

But it was all a sham. Using DNA from the store, police soon tracked down the alleged robber. He told police that Patel's friend had hired him to stage the robbery and that Patel was in on it. Patel had asked his friend to hire someone for the job so Patel could get a U-Visa. Before the robbery, Patel met the robber he had hired. Patel gave him the fake gun he was supposed to use and told him when and where to do the job. Then, a few hours before the main event, Patel met with his robber again and told him to come back just before closing. Their final reunion was at the scene of the crime.

The authorities charged Patel with mail fraud, fraud or misuse of visas, making false statements about health care, and conspiracy to commit each of those crimes. At trial, the jury convicted Patel on all counts. Patel then moved for a new trial. He claimed that (1) the District Court had abused its discretion by admitting lay opinion testimony from the lead investigator that he thought the robbery was fake, and (2) the jury lacked sufficient evidence to conclude that Patel had lied when he told healthcare workers that he had anxiety from the alleged robbery. Denying the motion, the District Court sentenced Patel to 18 months in prison. Patel now appeals, raising these two claims again. Both fall short.

*First*, the District Court did not abuse its discretion in letting the lead investigator testify that he thought the robbery was staged. *United States v. Anderskow*, 88 F.3d 245, 249–50

(3d Cir. 1996). Lay witnesses may offer non-technical opinions that are (1) "rationally based on the witness's perception" and (2) "helpful to clearly understand[] the witness's testimony or to determin[e] a fact in issue." Fed. R. Evid. 701(a)–(b). The investigator's non-technical testimony checked the first box: It was based on his extensive investigation of the crime and rewatching the surveillance footage. *United States v. Fulton*, 837 F.3d 281, 301 (3d Cir. 2016); Fed. R. Evid. 701. And it checked the second: It was helpful to determine a fact in issue. Patel's defense strategy involved suggesting that the jury disbelieve the robber's testimony because he got the charges dropped in exchange. The officer's opinion rebutted that argument; it showed that police had dropped the robbery charge because they concluded that the robbery was fake.

Even if there were an error, it would have been harmless because the evidence against Patel was overwhelming. *Anderskow*, 88 F.3d at 251. Both the fake robber and Patel's friend who had hired him testified that Patel had been involved in the scheme. And the fake robber testified that Patel had given him the gun and instructions. Other evidence corroborated that testimony. Patel had called his friend many times the day of the robbery and the next morning, including just a minute after the robbery. Zelle records showed that the friend had made half a dozen payments to the fake robber's associate. And Patel himself admitted that the friend had offered to help him pull off a fake robbery for a U-Visa "approximately a hundred times," though Patel claimed he had always turned him down. App. 385. So "it is highly probable that the error did not affect the result." *United States v. DeMuro*, 677 F.3d 550, 557 (3d Cir. 2012) (internal quotation marks omitted).

*Second*, viewing the evidence in the light most favorable to the government, the jury had sufficient evidence to find that Patel had "knowingly and willfully" lied to medical professionals about having anxiety. 18 U.S.C. § 1035(a)(2); *United States v. Jacobs*, 21 F.4th 106, 112 (3d Cir. 2021). As described above, the jury had ample evidence to conclude that Patel had staged the robbery. If the jury reached that conclusion, it required no leap to then infer that Patel had lied about getting anxiety from being the victim of a crime he himself staged to get a U-Visa. On top of that, there was lots of other evidence supporting that inference. Patel even admitted to authorities that he knew that the robbery was fake; he just claimed his friend had set it up, not him. And the statements to medical professionals were suspicious. Patel and one of his friends who was at the robbery went to the same hospital on the same day three days after the robbery. They complained of the same symptoms and received the same prescription and diagnosis. Patel then submitted records from the visit with his U-Visa application. So it was not "irrational" for a jury to infer that Patel had knowingly lied to medical professionals to get the diagnosis as part of an orchestrated visa-fraud scheme. *United States v. Caraballo-Rodriguez*, 726 F.3d 418, 432 (3d Cir. 2013) (en banc); *Jacobs*, 21 F.4th at 112. We will thus affirm.